# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                    **No. CIV 13-0155 RB/LAM**

**REAL PROPERTY:**
**607 MARYLAND AVENUE,**
**ALAMOGORDO, NEW MEXICO,**
**MORE PARTICULARLY DESCRIBED AS:**
**ALAMO BLOCKS BLK 25 LT 16,**
**609 MARYLAND AVENUE,**
**ALAMOGORDO, NEW MEXICO,**
**MORE PARTICULARLY DESCRIBED AS:**
**ALAMO BLOCKS BLK 25 LT 15,**
**2815 BIRDIE LOOP**
**ALAMOGORDO, NM 88310,**
**MORE PARTICULARLY DESCRIBED AS:**
**SEDONA RIDGE ESTATES PHASE 1 LT 18,**

**VEHICLES:**
**2010MERCEDES BENZ GLS 350 VIN:WDCGG5GB4AF409450,**
**2010 TOYOTA TUNDRA VIN:5TEFEY5F19AX089183,**
**2010 CHEVROLET CAMARO SS VIN:2G1FT1EW0A9160545,**
**2006 CHEVROLET SILVERADO 1500 VIN:1GCEK19V96Z202814,**
**2003 HUMMER H2 VIN:5GRGN23U03H118919,**
**2001 CHEVROLET SILVERADO 2500HD VIN:1GCHK24U61E197962,**
**1994 LEXUS GS300 VIN:JT8JS47E1R0064695,**
**2002 CHEVROLET SILVERADO 1500 VIN:2GCEC19TX21390466,**
**2010 CHEVROLET CAMARO VIN:2G1FK1EJ5A9138693,**
**2012 DODGE CHALLENGER SR VIN:2C3CDYCJ4CH229628,**
**2011 DODGE CHARGER RT VIN:2B3CL5CT9BH506062,**
**2010GMC SIERRA LT VIN:3GTRCWE21AG265034,**
**2007 CADILLAC DTS VIN:1G6K057Y470169742,**

**CURRENCY:**
**$32,455.05 IN UNITED STATES CURRENCY,**

       **Defendants,**

**and**

**ROBERT CHAVEZ,**
**RAMON RODRIGUEZ,**
**ANGELA CATT,**

**SANYA K. SANDERS,**
**MARIA CHAVEZ,**
**JOE CHAVEZ,**
**WELLS FARGO MORTGAGE COMPANY,**
**TRACY GARRISON,**
**CORINE S. GRIEGO,**
**RICHARDSON MOTOR COMPANY, INC.,**
**ROBERT RICHARDSON,**

   **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Joe Chavez's Answer for Lack of Standing (Doc. 84), Second Motion to Strike Joe Chavez's Answer (Doc. 96), and Third Motion to Strike Joe Chavez's Answer (Doc. 115). Claimant Joe Chavez did not respond to these motions. Having carefully considered the court record and relevant law, the Court GRANTS these motions.

### I.  Background

On February 15, 2013, Plaintiff filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). On April 12, 2013, Joe Chavez, through attorney Matthew E. Ortiz, filed an unverified Answer to Complaint for Forfeiture and Expedited Motion for Return of Property on behalf of Joe Chavez, asserting an interest in real property located at 2815 Birdie Loop, Alamogordo, New Mexico, the 2010 Chevrolet Camaro, the 2012 Dodge Challenger, the 2011 Dodge Charger, the 2010 GMC Sierra LT, the 2007 Cadillac DTS, and the $32,455.05 in United States Currency. (Doc. 59). Joe Chavez did not file a claim to any of the property.

On August 9, 2013, Plaintiff served a set of twelve special interrogatories on Joe Chavez. (Doc. 81). The purpose of the interrogatories was to explore the substance and validity of Joe

Chavez's claim to the real and personal property at issue. (*Id.*) Joe Chavez did not respond to these interrogatories.

On September 23, 2013, Plaintiff served a set of nine special interrogatories on Joe Chavez. (Doc. 101). The purpose of these interrogatories was to explore the substance and validity of Joe Chavez's claim to the real property at issue. (*Id.*) Joe Chavez did not respond to these interrogatories.

## II.     Discussion

This is a civil forfeiture action *in rem* against the property at issue (Doc. 1). Thus, the government is the plaintiff and the property is the defendant. *See United States v. $5,565.000 in United States Currency*, 2010 WL 4256211, *2 (D. Colo. 2010). A person claiming seized property is not a party to the action, but is a third-party intervenor. *Id.* Civil forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions. The requirements set forth in the Supplemental Rules "must be strictly enforced." *United States v. $25,790 U.S. Currency*, 2010 WL 2671754 at *2 (D. Md. 2010).

Supplemental Rule G(5) explicitly requires two responsive pleadings: (a) a claim, and (b) an answer. Supp. R. G(5)(a) and (b). "The claim and the answer, though similar, serve distinct purposes." *United States v. United States Currency in Sum of $261,480*, 2002 WL 827420, at *1 n. 3 (E.D.N.Y. 2002). A claim "insures that any party who wishes to defend a forfeiture action will be forced to swear his interest in the forfeited property." *Id.* at *1 n. 3. An answer "serves its normal function - "to state in short and plain terms [the] defense to each claim asserted . . . and to admit or deny the averments upon which the adverse party relies." *Id.*

In order to establish standing to challenge the seizure of property, a person must file a verified claim as required by Rule G(5). *$25,790 U.S. Currency*, 2010 WL 2671754 at *2; *United States v. $1,437.00 in U.S. Currency*, 242 F.Supp.2d 193, 196 (W.D.N.Y. 2002). If a

claimant fails to file both a claim and an answer in a timely manner, he lacks statutory standing to assert his claim. *Id.*; *United States v. One-Sixth Share*, 326 F.3d 36, 41 (1st Cir. 2003); *United States v. Approximately Twenty Mexican Gold Coins*, 637 F.Supp.2d 957, 958 (D. Kan. 2009). Joe Chavez does not dispute that he failed to file a claim with respect to the property as required by Supplemental Rule G(5). Consequently, he lacks statutory standing to proceed in this case.

In addition, Joe Chavez failed to comply with Supplemental Rule G(6)(a), which provides "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." *Id.* Supplemental Rule G(6)(b) requires "answers or objections to interrogatories must be served within 21 days after the interrogatories are served." *Id.* If a claimant fails to comply with Supplemental Rule G(6), the Court must strike the claim. *See* Suppl. R. G(8)(c)(i)(A); *United States v. $27,970.00 in U.S. Currency*, 2010 WL 933762 (S.D. Ga. 2010) (striking the claim and answer of claimant for failure to comply with Supplemental Rule G(6)). In the present case, Joe Chavez has clearly failed to comply with the Supplemental Rules.

**THEREFORE,**

IT IS ORDERED that Plaintiff's Motion to Strike Joe Chavez's Answer for Lack of Standing (Doc. 84), Second Motion to Strike Joe Chavez's Answer (Doc. 96), and Third Motion to Strike Joe Chavez's Answer (Doc. 115) are **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**