# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                               No. CIV 13-0155 RB/LAM

REAL PROPERTY:
607 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 16,
609 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 15,
2815 BIRDIE LOOP
ALAMOGORDO, NM 88310,
MORE PARTICULARLY DESCRIBED AS:
SEDONA RIDGE ESTATES PHASE 1 LT 18,

VEHICLES:
2010 MERCEDES BENZ GLS 350 VIN:WDCGG5GB4AF409450,
2010 TOYOTA TUNDRA VIN:5TEFEY5F19AX089183,
2010 CHEVROLET CAMARO SS VIN:2G1FT1EW0A9160545,
2006 CHEVROLET SILVERADO 1500 VIN:1GCEK19V96Z202814,
2003 HUMMER H2 VIN:5GRGN23U03H118919,
2001 CHEVROLET SILVERADO 2500HD VIN:1GCHK24U61E197962,
1994 LEXUS GS300 VIN:JT8JS47E1R0064695,
2002 CHEVROLET SILVERADO 1500 VIN:2GCEC19TX21390466,
2010 CHEVROLET CAMARO VIN:2G1FK1EJ5A9138693,
2012 DODGE CHALLENGER SR VIN:2C3CDYCJ4CH229628,
2011 DODGE CHARGER RT VIN:2B3CL5CT9BH506062,
2010 GMC SIERRA LT VIN:3GTRCWE21AG265034,
2007 CADILLAC DTS VIN:1G6K057Y470169742,

CURRENCY:
$32,455.05 IN UNITED STATES CURRENCY,

      Defendants,

and

**ROBERT CHAVEZ,**
**RAMON RODRIGUEZ,**
**ANGELA CATT,**
**SANYA K. SANDERS,**
**MARIA CHAVEZ,**
**JOE CHAVEZ,**
**WELLS FARGO MORTGAGE COMPANY,**
**TRACY GARRISON,**
**CORINE S. GRIEGO,**
**RICHARDSON MOTOR COMPANY, INC.,**
**ROBERT RICHARDSON,**

        **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Corine Griego's Answer for Lack of Standing (Doc. 87), and Second Motion to Strike Corine Griego's Answer (Doc. 114). Claimant Corine Griego did not respond to these motions. Having carefully considered the court record and relevant law, the Court GRANTS these motions.

### I.      Background

On February 15, 2013, Plaintiff filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). On May 14, 2013, Corine Griego, through attorney Todd Holmes, filed an unverified Answer to Complaint for Forfeiture on behalf of Ms. Griego. (Doc. 66). Ms. Griego did not file a claim to any of the property.

On September 13, 2013, Plaintiff served a set of nine special interrogatories on Ms. Griego. (Doc. 98). The purpose of the interrogatories was to explore the substance and validity of Ms. Griego's claim to the property at issue. (*Id.*) Ms. Griego did not respond to these interrogatories.

## II.     Discussion

This is a civil forfeiture action *in rem* against the property at issue (Doc. 1). Thus, the government is the plaintiff and the property is the defendant. *See United States v. $5,565.000 in United States Currency*, 2010 WL 4256211, *2 (D. Colo. 2010). A person claiming seized property is not a party to the action, but is a third-party intervenor. *Id.* Civil forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions. The requirements set forth in the Supplemental Rules "must be strictly enforced." *United States v. $25,790 U.S. Currency*, 2010 WL 2671754 at *2 (D. Md. 2010).

Supplemental Rule G(5) explicitly requires two responsive pleadings: (a) a claim, and (b) an answer. Supp. R. G(5)(a) and (b). "The claim and the answer, though similar, serve distinct purposes." *United States v. United States Currency in Sum of $261,480*, 2002 WL 827420, at *1 n. 3 (E.D.N.Y. 2002). A claim "insures that any party who wishes to defend a forfeiture action will be forced to swear [her] interest in the forfeited property." *Id.* at *1 n. 3. An answer "serves its normal function - "to state in short and plain terms [the] defense to each claim asserted . . . and to admit or deny the averments upon which the adverse party relies." *Id.*

In order to establish standing to challenge the seizure of property, a person must file a verified claim as required by Rule G(5). *$25,790 U.S. Currency*, 2010 WL 2671754 at *2; *United States v. $1,437.00 in U.S. Currency*, 242 F.Supp.2d 193, 196 (W.D.N.Y. 2002). If a claimant fails to file both a claim and an answer in a timely manner, she lacks statutory standing to assert her claim. *Id.*; *United States v. One-Sixth Share*, 326 F.3d 36, 41 (1st Cir. 2003); *United States v. Approximately Twenty Mexican Gold Coins*, 637 F.Supp.2d 957, 958 (D. Kan. 2009). Ms. Griego does not dispute that she failed to file a claim with respect to the property as required by Supplemental Rule G(5). Consequently, she lacks statutory standing to proceed in this case.

3

In addition, Ms. Griego failed to comply with Supplemental Rule G(6)(a), which provides "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." *Id.* Supplemental Rule G(6)(b) requires "answers or objections to interrogatories must be served within 21 days after the interrogatories are served." *Id.* If a claimant fails to comply with Supplemental Rule G(6), the Court must strike the claim. *See* Suppl. R. G(8)(c)(i)(A); *United States v. $27,970.00 in U.S. Currency*, 2010 WL 933762 (S.D. Ga. 2010) (striking the claim and answer of claimant for failure to comply with Supplemental Rule G(6)). In the present case, Ms. Griego has clearly failed to comply with the Supplemental Rules.

**THEREFORE,**

IT IS ORDERED that Plaintiff's Motion to Strike Corine Griego's Answer for Lack of Standing (Doc. 87), and Second Motion to Strike Corine Griego's Answer (Doc. 114) are **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**