IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                       No. CIV 13-0155 RB/LAM

REAL PROPERTY:
607 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 16,
609 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 15,
2815 BIRDIE LOOP
ALAMOGORDO, NM 88310,
MORE PARTICULARLY DESCRIBED AS:
SEDONA RIDGE ESTATES PHASE 1 LT 18,

VEHICLES:
2010 MERCEDES BENZ GLS 350 VIN:WDCGG5GB4AF409450,
2010 TOYOTA TUNDRA VIN:5TEFEY5F19AX089183,
2010 CHEVROLET CAMARO SS VIN:2G1FT1EW0A9160545,
2006 CHEVROLET SILVERADO 1500 VIN:1GCEK19V96Z202814,
2003 HUMMER H2 VIN:5GRGN23U03H118919,
2001 CHEVROLET SILVERADO 2500HD VIN:1GCHK24U61E197962,
1994 LEXUS GS300 VIN:JT8JS47E1R0064695,
2002 CHEVROLET SILVERADO 1500 VIN:2GCEC19TX21390466,
2010 CHEVROLET CAMARO VIN:2G1FK1EJ5A9138693,
2012 DODGE CHALLENGER SR VIN:2C3CDYCJ4CH229628,
2011 DODGE CHARGER RT VIN:2B3CL5CT9BH506062,
2010 GMC SIERRA LT VIN:3GTRCWE21AG265034,
2007 CADILLAC DTS VIN:1G6K057Y470169742,

CURRENCY:
$32,455.05 IN UNITED STATES CURRENCY,

       Defendants,

and

**ROBERT CHAVEZ,**
**RAMON RODRIGUEZ,**
**ANGELA CATT,**
**SANYA K. SANDERS,**
**MARIA CHAVEZ,**
**JOE CHAVEZ,**
**WELLS FARGO MORTGAGE COMPANY,**
**TRACY GARRISON,**
**CORINE S. GRIEGO,**
**RICHARDSON MOTOR COMPANY, INC.,**
**ROBERT RICHARDSON,**

   **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend the Complaint for Forfeiture *in Rem* by Interlineation (Doc. 107). The Motion recites that counsel for Claimant Angela Catt opposes the Motion, counsel for Claimant Corinne Griego takes no position as to the Motion, and counsel for Claimants Robert Chavez, Joe Chavez, Maria Chavez, and Tracy Garrison did not provide his position as to the Motion. No response was filed. Having carefully considered the court record and relevant law, the Court GRANTS this motion.

  **I.**  **Background**

On February 15, 2013, Plaintiff filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). Plaintiff requests leave to amend paragraph 18(b) of the Verified Complaint for Forfeiture *In Rem* by interlineation to accurately reflect the documentary evidence. (Doc. 109). Currently, paragraph 18(b) reads: "2010 White Chevrolet Camaro SS, VIN: 2G1FT1EW0A9160545; purchased or registered on or about December 14, 2010, for $34,100, paid in $12,100 cash and $22,000 trade-in; purchaser and registered owner is Robert

Chavez." (Doc. 1.) Plaintiff proposes to amend the paragraph 18(b) by interlineation to read as follows: "2010 White Chevrolet Camaro SS, VIN: 2G1FT1EW0A9160545; purchased on or about December 14, 2010 by Maria Chavez for $34,100 and/or purchased on or about February 21, 2011 by Angela Catt for $34,100, paid in $13,000 cash due on delivery, a $9,000 trade-in credit, and a $12,100 balance due on the vehicle. The certificate of title, dated on or about March 28, 2011, lists Angela Catt as the owner." (Doc. 107.)

## II. Discussion

Federal Rule of Civil Procedure provides that"[t]he court should freely give leave [to amend the complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). The Tenth Circuit has stated that the purpose of Rule 15 is to afford "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting prior version of FED. R. CIV. P. 15(a)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

The proposed amendment corrects the allegations to conform to the documents pertaining to the Camaro. The proposed amendment neither alters the existing claims nor adds a new claim. No party has shown prejudice by the proposed amendment. Under these circumstances, the Court

finds that Plaintiff has demonstrated good cause for the amendment and it is reasonable to allow Plaintiff to timely amend the Verified Complaint for Forfeiture *In Rem* by interlineation.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend the Complaint for Forfeiture *in Rem* by Interlineation (Doc. 107) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**