IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                   No. CIV 13-0155 RB/LAM

**REAL PROPERTY:**
607 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 16,
609 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 15,
2815 BIRDIE LOOP
ALAMOGORDO, NM 88310,
MORE PARTICULARLY DESCRIBED AS:
SEDONA RIDGE ESTATES PHASE 1 LT 18,
**VEHICLES:**
2010 MERCEDES BENZ GLS 350 VIN:WDCGG5GB4AF409450,
2010 TOYOTA TUNDRA VIN:5TEFEY5F19AX089183,
2010 CHEVROLET CAMARO SS VIN:2G1FT1EW0A9160545,
2006 CHEVROLET SILVERADO 1500 VIN:1GCEK19V96Z202814,
2003 HUMMER H2 VIN:5GRGN23U03H118919,
2001 CHEVROLET SILVERADO 2500HD VIN:1GCHK24U61E197962,
1994 LEXUS GS300 VIN:JT8JS47E1R0064695,
2002 CHEVROLET SILVERADO 1500 VIN:2GCEC19TX21390466,
2010 CHEVROLET CAMARO VIN:2G1FK1EJ5A9138693,
2012 DODGE CHALLENGER SR VIN:2C3CDYCJ4CH229628,
2011 DODGE CHARGER RT VIN:2B3CL5CT9BH506062,
2010 GMC SIERRA LT VIN:3GTRCWE21AG265034,
2007 CADILLAC DTS VIN:1G6K057Y470169742,
**CURRENCY:**
$32,455.05 IN UNITED STATES CURRENCY,

    Defendants,

and

ROBERT CHAVEZ,
RAMON RODRIGUEZ,
ANGELA CATT,
SANYA K. SANDERS,
MARIA CHAVEZ,
JOE CHAVEZ,

**WELLS FARGO MORTGAGE COMPANY,**
**TRACY GARRISON,**
**CORINE S. GRIEGO,**
**RICHARDSON MOTOR COMPANY, INC.,**
**ROBERT RICHARDSON,**

      **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimant Angela Catt's Second Motion for Summary Judgment (Doc. 104). Plaintiff filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). Angela Catt contends that the 2010 Chevrolet Camaro VIN:2G1FT1EW 0A9160545 is not subject to forfeiture because she is the purchaser and registered owner of the vehicle. Plaintiff responds that the Camaro is substantially connected to drug dealing and genuine disputes as to material facts preclude summary judgment. Having carefully considered the court record and relevant law, the Court DENIES this motion.

    **I.**    **Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." FED. R. CIV.P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). A movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need

simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

**II.    Statement of Facts**

On summary judgment, the Court must view the facts in a light most favorable to Plaintiff, the non-moving party. *See Taylor*, 713 F.3d at 34. Thus, reasonable inferences are drawn and factual ambiguities are resolved in its favor.

In 2008 or 2009, the Otero County Narcotics Enforcement Unit (OCNEU) began investigating a drug trafficking organization called the AZ Boys, based in Alamogordo, New Mexico. The the primary targets of the investigation were brothers Robert and Joseph Chavez. On May 1, 2012, the AZ Boys investigation culminated in the arrest of Robert Chavez in the driveway of the residence that he shared with his girlfriend, Claimant Angela Catt, located at 780 Cholla Avenue in Alamogordo. Approximately four pounds of methamphetamine were found concealed in the spare tire of a Chevrolet Silverado pickup truck previously purchased by Robert Chavez and parked outside the residence. (Doc. 106-1, Pl. Ex. 1).

The OCNEU obtained a search warrant for the residence at 780 Cholla Avenue. (*Id.*) Documents and items discovered during the search established Angela Catt lived there with Robert Chavez. (Pl. Exs. 3- 8). OCNEU seized cash and money order receipts during the search.

(Pl. Exs. 5. 8; 14; 15, 16). Documents discovered during the search revealed that Robert Chavez had purchased a Mercedes Benz from Richardson Motor Company for $27,000 in cash. (Pl. Ex. 21). OCNEU also found a Receipt for Proof indicating that Angela Catt had applied for income support. (Pl. Ex. 7). Tax records show that Robert Chavez reported no income for tax years 2007, 2008, 2009, 2010, 2011, and 2012. (Pl. Ex. 9). Tax records for Angela Catt (also known as Angela Borunda) show that she reported no income for tax years 2008 and 2010. (Pl. Ex. 10). In 2007, Angela Catt reported gross income of $11,800. (Pl. Ex. 11). In 2009, Angela Catt reported gross income of $6,377. (Pl. Ex. 12). In 2011, Angela Catt reported gross income of $6,377. (Pl. Doc. 13).

At the time of the search, several vehicles were parked at the 780 Cholla Avenue residence. (Pl. Ex. 17). The keys for several of these vehicles were found inside the residence. (Pl. Ex. 20). The white 2010 Chevrolet Camaro SS at issue was parked in the garage. (Pl. Ex. 19). A bill of sale and purchase order from Richardson Motor Company, dated February 21, 2011, states that Angela Catt purchased the Camaro for $34,100. (Pl. Exs. 22-23). According to the February 21, 2011 purchase order, Angela Catt's total down payment was $22,000, which included a $13,000 cash payment and a $9,000 trade-in credit. (Pl. Ex. 23). The February 21, 2011 purchase order further indicates that the balance due on the Camaro was $12,100. (*Id.*)

Interestingly, Maria Chavez, who is Robert Chavez's sister, purchased the same Camaro from Richardson Motor Company in December 2010. (Doc. 56). A bill of sale and purchase order for the Camaro, dated December 14, 2010, is similar to the bill of sale and purchase order for the Camaro dated February 21, 2011. (Pl. Exs. 24-25). According to the December 14, 2010 documents, Maria Chavez purchased the Camaro from Richardson Motor Company for $34,100. (Ex. 25). Maria Chavez's down payment for the Camaro was identical to Angela Catt's down

4

payment, consisting of a $13,000 cash payment and $9,000 trade-in credit and leaving a $12,100 balance due on the vehicle. (Pl. Exs. 23-25).

The Camaro is titled and registered to Angela Catt. (Pl. Exs. 26-27). In response to Plaintiff's interrogatory that inquired about the origin of the cash used to purchase the Camaro, Angela Catt made the following statement under penalty of perjury: "I traded in a Chevrolet pickup that I owned and paid some cash I had saved. I made payments for the balance of the purchase price." (Pl. Ex. 28).

### III.     Discussion

An *in rem* forfeiture proceeding is brought under the "legal fiction" that property itself is criminally at fault or is the progeny of criminal works. *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two & 43/100 Dollars ($149,442.43) in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992). A criminal conviction is not a precondition to a forfeiture proceeding, however, forfeiture proceedings generally involve property that has been subject to, or associated with criminal activity. *United States v. $13,000.00 in U.S. Currency, 2007 Black Dodge Ram SRT Pickup, VIN 1D7HA18257S120375*, 858 F.Supp.2d 1194, 1198 (D. Colo. 2012). The government has the initial burden of demonstrating probable cause that a substantial connection exists between the property and the underlying criminal activity. *$149,442.43 in U.S. Currency*, 965 F.2d at 876. In order to establish probable cause, the government must show a reasonable ground for belief of guilt supported by more than a mere suspicion but less than prima facie proof. *Id.* "Circumstantial evidence of drug transactions may support the establishment of probable cause." *Id.* at 876-77. Four pounds of methamphetamine were hidden in the spare tire of a vehicle owned by Robert Chavez at his residence. Angela Catt was Robert Chavez's live-in girlfriend. The value of their possessions far exceeded their legitimate income. They bought cars with cash. The purchase price of the Camaro exceeded Angela Catt's total reported income from

5

2007 to 2012. Accordingly, Plaintiff has satisfied its initial burden of establishing probable cause to believe that the Camaro is substantially connected to drug dealing.

After the government establishes probable cause, the burden shifts to the claimant to show by a preponderance of the evidence that the property did not derive from illegal drug activity or that she did not know about or consent to the illegal drug activity. *$149,442.43 in U.S. Currency*, 965 F.2d at 876. Angela Catt relies on the title and the bill of sale dated February 21, 2011 and her name on the title. These documents do not satisfy her burden. Angela Catt's tax records indicate that she did not have sufficient legitimate income to purchase a $34,100 vehicle in 2011. Moreover, the record indicates that Maria Chavez purchased the same vehicle for the same price in December 2010. It is highly suspicious that two women connected to Robert Chavez purchased the same vehicle for the same terms within two months. Because genuine issues of material fact are disputed, summary judgment is inappropriate.

**THEREFORE,**

**IT IS ORDERED** that Claimant Angela Catt's Second Motion for Summary Judgment (Doc. 104) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

6