IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.   No. CIV 13-0155 RB/LAM

**REAL PROPERTY:**
**607 MARYLAND AVENUE,**
**ALAMOGORDO, NEW MEXICO, et al.,**

       **Defendants,**

and

**ROBERT CHAVEZ, et al.,**

       **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimant Angela Catt's Motion to Stay and for Protective Order Preserving Property (Doc. 133). The Government opposes the motion. Having carefully considered the court record and relevant law, the Court GRANTS this motion.

**I.  Introduction**

The Government filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). Ms. Catt contends that one of the vehicles, a 2010 Chevrolet Camaro VIN:2G1FT1EW 0A9160545, is not subject to forfeiture because she is the purchaser and registered owner of the vehicle. Ms. Catt moves to stay this matter until the conclusion of related state criminal proceedings and seeks an order requiring the Government to preserve the Camaro in a safe and secure location. The Government opposes the motion.

## II. Background

In 2008 or 2009, the Otero County Narcotics Enforcement Unit (OCNEU) began investigating a drug trafficking organization called the AZ Boys, based in Alamogordo, New Mexico. The primary targets of the investigation were brothers Robert and Joseph Chavez. On May 1, 2012, the AZ Boys investigation culminated in the arrest of Robert Chavez in the driveway of the residence that he shared with his girlfriend, Claimant Angela Catt, located at 780 Cholla Avenue in Alamogordo. Approximately four pounds of methamphetamine were found concealed in the spare tire of a Chevrolet Silverado pickup truck previously purchased by Robert Chavez and parked outside the residence. (Doc. 106-1, Pl. Ex. 1).

The OCNEU obtained a search warrant for the residence at 780 Cholla Avenue. (*Id.*) Documents and items discovered during the search established Angela Catt lived there with Robert Chavez. (Pl. Exs. 3-8). OCNEU seized cash and money order receipts during the search. (Pl. Exs. 5. 8; 14; 15, 16). Documents discovered during the search revealed that Robert Chavez had purchased a Mercedes Benz from Richardson Motor Company for $27,000 in cash. (Pl. Ex. 21). OCNEU also found a Receipt for Proof indicating that Angela Catt had applied for income support. (Pl. Ex. 7). Tax records show that Robert Chavez reported no income for tax years 2007, 2008, 2009, 2010, 2011, and 2012. (Pl. Ex. 9). Tax records for Angela Catt (also known as Angela Borunda) show that she reported no income for tax years 2008 and 2010. (Pl. Ex. 10). In 2007, Angela Catt reported gross income of $11,800. (Pl. Ex. 11). In 2009, Angela Catt reported gross income of $6,377. (Pl. Ex. 12). In 2011, Angela Catt reported gross income of $6,377. (Pl. Doc. 13).

At the time of the search, several vehicles were parked at the 780 Cholla Avenue residence. (Pl. Ex. 17). The keys for several of these vehicles were found inside the residence.

(Pl. Ex. 20). The white 2010 Chevrolet Camaro SS at issue was parked in the garage. (Pl. Ex. 19). A bill of sale and purchase order from Richardson Motor Company, dated February 21, 2011, states that Angela Catt purchased the Camaro for $34,100. (Pl. Exs. 22-23). According to the February 21, 2011 purchase order, Angela Catt's total down payment was $22,000, which included a $13,000 cash payment and a $9,000 trade-in credit. (Pl. Ex. 23). The February 21, 2011 purchase order further indicates that the balance due on the Camaro was $12,100. (*Id.*)

Interestingly, Maria Chavez, who is Robert Chavez's sister, purchased the same Camaro from Richardson Motor Company in December 2010. (Doc. 56). A bill of sale and purchase order for the Camaro, dated December 14, 2010, is similar to the bill of sale and purchase order for the Camaro dated February 21, 2011. (Pl. Exs. 24-25). According to the December 14, 2010 documents, Maria Chavez purchased the Camaro from Richardson Motor Company for $34,100. (Ex. 25). Maria Chavez's down payment for the Camaro was identical to Angela Catt's down payment, consisting of a $13,000 cash payment and $9,000 trade-in credit with a $12,100 balance due on the vehicle. (Pl. Exs. 23-25).

The Camaro is titled and registered to Angela Catt. (Pl. Exs. 26-27). In response to Plaintiff's interrogatory that inquired about the origin of the cash used to purchase the Camaro, Angela Catt made the following statement under penalty of perjury: "I traded in a Chevrolet pickup that I owned and paid some cash I had saved. I made payments for the balance of the purchase price." (Pl. Ex. 28).

The Government brought federal firearms charges against Ms. Catt and Mr. Chavez, who were acquitted. *See United States v. Angela Catt, et al.*, CR 13-0988 RB. However, the state prosecution against Ms. Catt, Mr. Chavez, and others relating to the same alleged drug conspiracy remains pending. Specifically, Ms. Catt is charged in state court with racketeering,

conspiracy and drug offenses. *See State of New Mexico v. Angela Catt, et al.*, D-1215-CR-201200324. Ms. Catt anticipates that the trial in the state case will be held in late summer or fall of 2014.

Recently, in the civil forfeiture proceeding, the Government propounded interrogatories and requests for production asking Ms. Catt to disclose the source of her income and information about her relationship with Mr. Chavez. Ms. Catt asserts that her right against self-incrimination would be impinged if the case is not stayed and she is required to respond to the discovery requests during the pendency of the state prosecution. In its response brief, the Government argues that its discovery requests are intended to test the veracity of Ms. Catt's statements regarding her interest in the Camaro.

## III. Discussion

"Upon the motion of a claimant, the court shall stay civil forfeiture proceedings with respect to that claimant if the court determines that: (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2). The statute defines a "related criminal investigation or case" as an "actual prosecution or investigation in progress at the time at which the request for the stay . . . is made." 18 U.S.C. § 981(g)(4).

The Government does not dispute that Ms. Catt is the subject of a related criminal case or that she has standing to assert a claim in the civil forfeiture proceeding as required by 18 U.S.C. § 981(g)(2)(A) and (B). The state prosecution is based on the same alleged drug conspiracy that resulted in the seizure of the Camaro. Thus, continuation of the forfeiture would burden Ms.

Catt's right against self-incrimination in the related criminal case as required by 18 U.S.C. § 981(g)(2)(C). Because Ms. Catt has satisfied the statutory requirements, the Court will stay the civil forfeiture proceeding with respect to Ms. Catt. In order to preserve the status quo, the Court will require the Government to maintain the Camaro in a safe and secure location. The parties will update the Court on the status of the state case by April 15, 2014 and every thirty days thereafter.

    **THEREFORE,**

    **IT IS ORDERED** that Claimant Angela Catt's Motion to Stay and for Protective Order Preserving Property (Doc. 133) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**