IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                          No. 13-cv-0155 RB/LAM

REAL PROPERTY:
607 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 16,
609 MARYLAND AVENUE,
ALAMOGORDO, NEW MEXICO,
MORE PARTICULARLY DESCRIBED AS:
ALAMO BLOCKS BLK 25 LT 15,
2815 BIRDIE LOOP
ALAMOGORDO, NM 88310,
MORE PARTICULARLY DESCRIBED AS:
SEDONA RIDGE ESTATES PHASE 1 LT 18,

VEHICLES:
2010 MERCEDES BENZ GLS 350 VIN:WDCGG5GB4AF409450,
2010 TOYOTA TUNDRA VIN:5TEFEY5F19AX089183,
2010 CHEVROLET CAMARO SS VIN:2G1FT1EW0A9160545,
2006 CHEVROLET SILVERADO 1500 VIN:1GCEK19V96Z202814,
2003 HUMMER H2 VIN:5GRGN23U03H118919,
2001 CHEVROLET SILVERADO 2500HD VIN:1GCHK24U61E197962,
2002 CHEVROLET SILVERADO 1500 VIN:2GCEC19TX21390466,
2010 CHEVROLET CAMARO VIN:2G1FK1EJ5A9138693,
2012 DODGE CHALLENGER SR VIN:2C3CDYCJ4CH229628,
2011 DODGE CHARGER RT VIN:2B3CL5CT9BH506062,
2010 GMC SIERRA LT VIN:3GTRCWE21AG265034,
2007 CADILLAC DTS VIN:1G6K057Y470169742,

CURRENCY:
$32,455.05 IN UNITED STATES CURRENCY,

       Defendants,

and

**ROBERT CHAVEZ,**
**ANGELA CATT,**
**MARIA CHAVEZ,**
**JOE CHAVEZ,**
**TRACY GARRISON,**
**CORINE S. GRIEGO,**

   **Claimants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Wells Fargo Mortgage Company's Motion to Set Aside Default Judgment as to Wells Fargo Mortgage Company and its Interest in 2815 Birdie Loop, Alamogordo, New Mexico (Doc. 141) and Wells Fargo Mortgage Company's Motion to Set Aside Default Judgment as to 2815 Birdie Loop, Alamogordo, New Mexico and Motion to Intervene (Doc. 143). The Government opposes these motions. Having carefully considered the arguments of counsel, court record and relevant law, the Court denies these motions.

**I. Background**

This is a civil forfeiture action against real property located at 2815 Birdie Loop, Alamogordo, New Mexico. The Verified Complaint for Forfeiture *in Rem* states that a New Mexico state grand jury indicted Robert Chavez, Joe Chavez, Angela Catt, Tracy Garrison, and Robert Richardson for trafficking in controlled substances, racketeering, and money laundering crimes. (Doc. 1). Joe Chavez and Tracy Garrison resided at 2815 Birdie Loop. (*Id.*) Documents seized during the execution of a search warrant of the residence indicated that Joe Chavez paid the mortgage on the home. (*Id.*) However, property records established that Maria Chavez, the sister of Joe Chavez, owned the property. (*Id.*) Maria Chavez resided in Phoenix, Arizona. (*Id.*)

On March 31, 2011, Maria Chavez executed a Deed of Trust secured by the property to American Dream Mortgage in the amount of $193,600. (Doc. 143, Exs. A & B). The Deed of

Trust was recorded by the Otero County Clerk and listed Mortgage Electronic Registration System as the nominee of the lender and the beneficiary. (Doc. 143, Ex. A). On June 3, 2014, Mortgage Electronic Registration System assigned the mortgage to Wells Fargo Bank, N.A. (Doc. 143, Ex. B).

The Complaint alleges that Joe Chavez placed the residence at 2815 Birdie Loop in the name of Maria Chavez to allow him to launder the proceeds of his drug trafficking activities through the payment of the mortgage on the residence and to thwart forfeiture of the property. (Doc. 1). On February 15, 2013, the Government filed a Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of currency, vehicles, and real property pursuant to 21 U.S.C. §§ 881(a)(4), 881(a)(6), and 881(a)(7). (Doc. 1). On February 20, 2013, a Notice of Complaint of Forfeiture was issued to 2815 Birdie Loop and the Government recorded a Notice of *Lis Pendens* with the Otero County Clerk. (Doc. 35 at 2). Additionally, the Government posted a Notice of Forfeiture Action on an official government site, www.forfeiture.gov, from April 3, 2013 to May 2, 2013. (Doc. 71).

On February 25, 2013, the Government mailed, via certified mail, copies of the Verified Complaint for Forfeiture *in Rem* and the Notice of Complaint for Forfeiture Against Property to Wells Fargo Mortgage Company, P.O. Box 10335, Des Moines, IA 50306. (Doc. 73). The Government received the signed return receipt from Wells Fargo. (Docs. 73-3; 144-1). On February 27, 2013, the Government mailed, via certified mail, copies of the Verified Complaint for Forfeiture *in Rem* and the Notice of Complaint for Forfeiture Against Property to Richard Leverick, an attorney who represents Wells Fargo Mortgage Company and Federal Home Loan Mortgage Corporation in this action. (Doc. 73). The Government received a return receipt from Mr. Leverick's law office. (Docs. 73-2; 144-2).

No claim or answer was filed on behalf of Wells Fargo Mortgage Company or Federal Home Loan Mortgage Corporation in this action. (Doc. 75).

On July 29, 2013, the Government filed a Motion for Partial Default Judgment. (Doc. 72). The Clerk entered default against Wells Fargo Mortgage Company. (Doc. 75). On July 30, 2013, the Court entered partial default judgment and ordered that "all right, title and interest of Wells Fargo Mortgage Company . . . and all unknown Claimants in the Defendant Property are forfeited to the United States and title thereto is vested in the United States." (Doc. 76).

On July 27, 2014, Wells Fargo Mortgage Company moved to set aside the default judgment on the ground that the Government did not serve notice in a manner prescribed by Rule 4(e)(1) of the Federal Rules of Civil Procedure. (Doc. 141). On August 13, 2014, Wells Fargo Mortgage Company filed a Second Motion to Set Aside Default Judgment and Motion to Intervene contending that the Government did not give adequate notice of the proceedings. (Doc. 143). The Government opposes these motions. (Docs. 142 and 144).

**II.     Discussion**

**A.     Notice**

Forfeiture actions *in rem* arising from a federal statute are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Supplemental Rule G(1). In an *in rem* forfeiture action, the defendant property is brought before the court by means of process executed against the asset, which is analogous to the service of summons and a complaint in an *in personam* action. *See* Supplemental Rule G(3). Potential claimants, in contrast, are not "served with process" in an *in rem* action so much as they are afforded notice of the action. *See* Supplemental Rule G(4). As a result, Rule 4(e)(1) of the Federal Rules of Civil Procedure is inapplicable to this forfeiture action *in rem*. *See*

Supplemental Rule G(1). In civil asset forfeiture practice, notice to potential claimants takes two forms: publication to all potential claimants and direct written notice to known potential claimants. *See* Supplemental Rule G(4).

Supplemental Rule G(4) prescribes the requirements for notice by publication and direct notice. As to notice by publication a "judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at the time the court orders." Supplemental Rule G(4)(a)(i). The notice must, unless the court orders otherwise: (i) "describe the property with particularity;" (ii) "state the times under Rule G(5) to file a claim and to answer;" and (iii) "name the government attorney to be served with the claim and answer." Supplemental Rule G(4)(a)(ii). The Government may select from three options "a means of publication reasonably calculated to notify potential claimants of the action." Supplemental Rule G(4)(a)(iv). One of these is "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." Supplemental Rule G(4)(a)(iv)(C).

In order to accomplish direct notice the "government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim [based on published notice]." Supplemental Rule G(4)(b)(i). The direct notice must state: (i) the date the notice is sent; (ii) "a deadline for filing a claim, at least 35 days after the notice is sent;" (iii) "that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim;" and (iv) "the name of the government attorney to be served with the claim and answer." Supplemental Rule G(4)(b)(ii). Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). Direct notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the

seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case. Supplemental Rule G(4)(b)(iii)(B).

As to both notice by publication and direct notice "a potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Supplemental Rule G(4)(b)(v).

In this case, the Government complied with the notice requirements of Supplemental Rule G. The Government accomplished notice by publication because it posted a Notice of Forfeiture Action on an official internet government forfeiture site, www.forfeiture.gov, from April 3, 2013 to May 2, 2013. (Doc. 71). The Government gave direct notice to Wells Fargo Home Mortgage and Federal Home Loan Mortgage Corporation. On February 27, 2013, the Government mailed, via certified mail, copies of the Verified Complaint for Forfeiture *in Rem* and the Notice of Complaint for Forfeiture Against Property to Mr. Leverick, an attorney representing Wells Fargo Mortgage Company and Federal Home Loan Mortgage Corporation herein. (Doc. 73). The Government received a signed return receipt from Mr. Leverick's law office. (Doc. 73-2). The receipt was signed by Talisa Puentes, a former employee of Mr. Leverick. (Doc. 144-1). On February 25, 2013, the Government mailed, via certified mail, copies of the Verified Complaint for Forfeiture *in Rem* and the Notice of Complaint for Forfeiture Against Property to Wells Fargo Mortgage Company at the address listed on the Wells Fargo website under the heading "Home Mortgage" and the Government received a signed return receipt from the above address. (Doc. 73-3; 144-1).

Mr. Leverick claims that he never received the notice received by his law office. This claim is immaterial as Rule G(4) requires only that direct notice "must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). The

rule does not require the Government to ensure that the recipient comprehend the notice. The assertion of lack of notice is undercut by Mr. Leverick's representations that he communicated with the state district attorney's office about the state forfeiture case "on no less than a dozen occasions between March of 2013 and June of 2014." (Doc. 143 at 3). Indeed, Mr. Leverick stated in an e-mail message to an assistant district attorney that "[Mr. Leverick] assume[d] there will be formal seizure process by the US attorney's office if and when there is a conviction of Mr. Chavez and/or our borrower, and that they are on notice of Wells Fargo's/FHLMC's interest in the subject home as shown by my Answer to your Petition." (*Id.*) These statements indicate that Mr. Leverick had actual notice of the federal forfeiture proceedings.

In sum, the record establishes the Government complied with Rule G(4)'s requirements for service by publication. Second, the Government gave direct notice to Wells Fargo Mortgage Company and Wells Fargo Bank, N.A. thorough the certified mailing to the address listed on the Wells Fargo website. Third, the Government gave direct notice to Wells Fargo Mortgage Company and Wells Fargo Bank, N.A., Federal Home Loan Mortgage Corporation through the certified mailing to Mr. Leverick's law office. Finally, Mr. Leverick's representations suggest that he had actual notice of this action. Under these circumstances, the Government satisfied the applicable notice requirements.

**B.   Standing**

The law is well established that in order to establish statutory standing in a forfeiture case, strict compliance with Supplemental Rule G(5) is required. *United States v. One Men's Rolex Pearl Master Watch,* 357 Fed.Appx. 624, 627 (6th Cir. 2009); *United States v. $487,825 in U.S. Currency,* 484 F.3d 662, 664-65 (3d Cir. 2007); *United States v. $39,557, More or Less, in U.S. Currency,* 683 F.Supp.2d 335, 338-40 (D.N.J. 2010). Under Supplemental Rule G(5)(a)(i):

"A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated [to receive notices]." Supplemental Rule (G)(5)(a)(i). A claimant must file a verified claim within thirty-five days after the government sends a forfeiture notice, and file an answer within twenty-one days after filing a verified claim. Supplemental Rules (G)(5)(a)(ii) and (G)(4)(b)(ii)(B)-(C).

The key procedural steps are (1) filing a verified claim within 35 days of notice of the forfeiture proceedings, or a longer time if specified in the notice, pursuant to Rules G(5)(a)(ii)(A) and 4(b)(ii)(B); and (2) filing an answer within 21 days of the date the verified claim is filed, pursuant to Rule G(5)(b). The purpose of the time restrictions is to require claimants to enter as soon as possible after forfeiture proceedings have been initiated so that the matter can be resolved without delay. *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994). "The dictates of Rule [G] are relatively plain and the case law applying it repeatedly states that compliance must be strict." *United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 714 (6th Cir. 2004). Here, it is undisputed that Wells Fargo Mortgage Company, Wells Fargo Bank, N.A., and Federal Home Loan Mortgage Corporation failed to timely file either a claim or an answer in this action. Consequently, Wells Fargo Mortgage Company, Wells Fargo Bank, N.A., and Federal Home Loan Mortgage Corporation lack statutory standing to challenge the entry of default judgment against the real property at issue.

### III. Conclusion

The Government satisfied the applicable notice requirements. Wells Fargo Mortgage Company, Wells Fargo Bank, N.A., and Federal Home Loan Mortgage Corporation lack statutory standing to challenge the forfeiture of the real property at 2815 Birdie Loop because they did not file a timely verified claim or answer.

**THEREFORE,**

**IT IS ORDERED** that Wells Fargo Mortgage Company's Motion to Set Aside Default Judgment as to Wells Fargo Mortgage Company and its Interest in 2815 Birdie Loop, Alamogordo, New Mexico (Doc. 141) and Wells Fargo Mortgage Company's Motion to Set Aside Default Judgment as to 2815 Birdie Loop, Alamogordo, New Mexico and Motion to Intervene (Doc. 143) are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**